# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JAMIE YNCERA and WILLIAM FAIRBANKS, a married couple,<br><br>Appellants,<br><br>v.<br><br>DANIEL MCDONOUGH, an individual,<br><br>Respondent. | No. 88692-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — We are asked whether the trial court erred in applying provisions of chapter 59.18 RCW, the Residential Landlord-Tenant Act of 1973 (RLTA), when it denied Jamie Yncera's and William Fairbanks's claims for relocation assistance and return of their security deposit. Finding no error, we affirm.

I

Daniel McDonough and Fairbanks were friends, and Fairbanks and Yncera were married. McDonough built a "shome"[1] on his property in Issaquah, Washington. Yncera asked to live in and rent the shome. The parties agreed Yncera and Fairbanks would pay $1,500 per month after an initial rent free period. And they provided a $1,500 security deposit to McDonough. They moved into the shome sometime between December 2021 and February 2022.

---

[1] The parties have used the term "shome" to refer to a combination workshop and home.

In May 2023, Yncera learned that McDonough planned to sell the property. Yncera demanded that McDonough pay them $18,300 and allow them to live in the shome for three more months rent free. When McDonough refused, Yncera and Fairbanks filed a lawsuit and Yncera contacted the county to report code and permitting violations on the property. In October 2023, a King County code enforcement officer investigated the property and issued a letter noting numerous violations, including construction of a residence without required permits, inspections, or approvals; the absence of a required fire safety system in the shome; the use of an illegal septic system; and the accumulation of vehicles, vehicle parts, and rubbish on the property. Yncera asked the enforcement officer not to condemn the shome so she could continue living there, which she and Fairbanks did without paying any further rent.

Yncera and Fairbanks filed a complaint in November 2023, asserting numerous claims, including for relocation assistance under RCW 59.18.085, misappropriation of their security deposit, unjust enrichment, and breach of the implied warranty of habitability. The superior court held a bench trial, concluding that Yncera and Fairbanks did not prove their claims for unjust enrichment, return of their security deposit, or relocation assistance, and denying McDonough's claim for unpaid rent because of his breach of the implied warranty of habitability. The trial court entered judgment in favor of McDonough. Yncera and Fairbanks appeal.

II

On appeal, Yncera and Fairbanks accept the trial court's findings of fact but claim that the trial court erred in its application of the RLTA by denying claims for

2

their security deposit and for relocation assistance, and that the trial court's conclusion that McDonough violated the implied warranty of habitability is "internally inconsistent" with its denial of RLTA remedies. We disagree.

We review conclusions of law de novo. Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 880, 73 P.3d 369 (2003). We accept unchallenged findings of fact as true. In re Estate of Barnes, 185 Wn.2d 1, 9, 367 P.3d 580 (2016). We review questions of statutory interpretation de novo. Associated Press v. Wash. State Legislature, 194 Wn.2d 915, 920, 454 P.3d 93 (2019). If the "statute's meaning is plain on its face, then the court must give effect to the plain meaning as an expression of legislative intent." Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). If the statute is unambiguous "after a review of the plain meaning" then our inquiry ends. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526-27, 243 P.3d 1283 (2010).

A

Yncera and Fairbanks argue that the trial court erred by requiring "proof of physical vacancy" before requiring return of their security deposit under RCW 59.18.280, and that after the sale, McDonough was obligated to transfer the security deposit under RCW 59.18.270. We disagree. RCW 59.18.280(1)(a) obligates a landlord to return a security deposit "[w]ithin 30 days after the termination of the rental agreement *and vacation of the premises or*, *if the tenant abandons the premises*." (Emphasis added.) RCW 59.18.270 requires a landlord to hold security deposits in a trust account and if "during a tenancy the status of landlord is transferred to another, any sums in the deposit trust account affected

3

by such transfer shall simultaneously be transferred to an equivalent trust account of the successor landlord."

At trial, the court found that Yncera and Fairbanks were still living in the shome at least as late as June 2024. Yncera and Fairbanks produced no evidence that they had vacated the premises, a fact confirmed by their counsel during closing argument. In its conclusions of law, the trial court recognized that Yncera's and Fairbanks's proposed findings of fact stated Yncera had testified they vacated the property in June 2024. The court invited Yncera and Fairbanks to seek reconsideration if "such testimony is in the record" and to "identify the date and time of the testimony." Yncera and Fairbanks did not seek reconsideration, but instead filed a motion for entry of judgment, seeking return of their security deposit. Yncera evidently accompanied their motion with a posttrial declaration in which she claimed they had moved out in June 2024.[2] Ruling based on the evidence presented at trial, the court denied their motion.

RCW 59.18.270 did not compel McDonough to return Yncera's and Fairbanks's security deposit to them when he sold the property, but instead triggered an obligation for him to transfer the security deposit to the buyer. RCW 59.18.280 required that Yncera and Fairbanks vacate the premises before McDonough was obligated to return their security deposit. No such evidence was presented at trial. Because Yncera and Fairbanks produced no evidence that they

---

[2] Yncera's and Fairbanks's motion for entry of judgment and Yncera's accompanying declaration are not in the record submitted to this court.

4

had moved out of the shome, McDonough was not obligated to return their security deposit based on the evidence presented at trial.

B

Yncera and Fairbanks contend the trial court "misapplied RCW 59.18.085 by requiring formal condemnation or posted signage before awarding relocation assistance." They claim that if McDonough "knew or should have known that a dwelling would be condemned or unlawful to occupy due to code violations" then they were entitled to relocation assistance. We disagree.

RCW 59.18.085(3)(a) states,

> If a governmental agency responsible for the enforcement of a building, housing, or other appropriate code *has notified the landlord that a dwelling will be condemned or will be unlawful to occupy* due to the existence of conditions that violate applicable codes, statutes, ordinances, or regulations, a landlord, who knew or should have known of the existence of these conditions, shall be required to pay relocation assistance to the displaced tenants.

(Emphasis added.) While the county code enforcement officer noted violations, he never condemned the shome. The trial court noted that there was no evidence the code enforcement officer ever notified McDonough that the shome would be condemned or unlawful to occupy. The trial court's ruling did not require that the code enforcement officer post signage indicating condemnation to trigger RCW 59.18.085(3)(a). The court drew attention to the absence of signage, together with the lack of evidence that the code enforcement officer ever notified McDonough the shome would be condemned or unlawful to occupy, in concluding that RCW 59.18.085(3)(a) did not apply. In the absence of such evidence, Yncera and Fairbanks were not entitled to relocation assistance.

5

C

Citing <u>Foisy v. Wyman</u>, 83 Wn.2d 22, 515 P.2d 160 (1973), Yncera and Fairbanks assert the trial court's conclusion that McDonough breached the implied warranty of habitability is internally inconsistent with its denial of RLTA remedies, especially when those remedies affect rent obligations. We are not persuaded. In <u>Foisy</u>, the court found reversible error where the trial court had prohibited a tenant from presenting evidence that the landlord had breached the implied warranty of habitability. <u>Id.</u> at 24, 34. The landlord had filed an unlawful detainer action based on the nonpayment rent, and if the landlord had breached the implied warranty of habitability, then the tenant would have been relieved of his rent obligations, thus defeating the basis for the unlawful detainer action. <u>Id.</u> at 34. Here, Yncera and Fairbanks presented and prevailed on their defense of breach of implied warranty of habitability, defeating McDonough's claim for unpaid rent. Whether Yncerra and Fairbanks presented necessary evidence to trigger the return of their security deposit or relocation assistance under the RLTA are separate questions from whether McDonough breached the implied warranty of habitability. The trial court's ruling is not inconsistent.

Affirmed.

_____
Birk, J.

WE CONCUR:

_____     _____
Feldman, J.                          Coburn, J.

6